IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

**MARC ROSEMOND**
15 Gas Light Court
Gaithersburg, Maryland 20879

      **Plaintiff,**

**v.**

**VERIZON MARYLAND, LLC**
1209 Orange Street
Wilmington, DE 19801

      **Serve On:**

The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
*Registered Agent for Verizon Maryland, LLC*

      **Defendant.**

**Case No.:**

---

## COMPLAINT

### (Personal Injury- Negligence)

**COMES NOW** the Plaintiff, Marc Rosemond, by and through his attorneys, Ronald A. Karp, Esq., Demosthenes Komis, Esq. and the law firm of Karp, Wigodsky, Norwind & Gold, P.A., and states the following as his cause of action against the Defendant, Verizon Maryland, LLC:

### PARTIES AND JURISDICTION

1.     Plaintiff Marc Rosemond (hereinafter referred to as "Mr. Rosemond") is an adult citizen of the State of Maryland.

Case 8:16-cv-03272-RWT   Document 1   Filed 09/28/16   Page 2 of 5


2.     Upon information and belief, Defendant Verizon Maryland, LLC (hereinafter referred to as "Verizon") is a telecommunications company organized and existing under the laws of the State of Delaware, with its principal office in Wilmington, Delaware.

3.     Verizon is a citizen of the State of Delaware.

4.     Upon information and belief, Verizon provides voice, data and video services to consumers, businesses and government agencies in the State of Maryland.

5.     This Court has subject matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6.     Venue is proper in the Southern Division of the United States District Court for the District of Maryland located in Greenbelt, Maryland pursuant to 28 U.S.C §§ 100 and 1391 (b) (2). The fall that Mr. Rosemond suffered and that is the subject of this lawsuit (hereinafter referred to as "the fall") occurred in Montgomery County, Maryland.

7.     On or about Sunday, September 21, 2014, at approximately 9:30 p.m., Mr. Rosemond was walking down the concrete steps outside of his home (hereinafter referred to as "the steps") located near 15 Gas Light Court, Gaithersburg, Maryland.

8.     It was dark outside at the time that Mr. Rosemond was walking down the steps. The steps were not illuminated.

9.     Unbeknownst to Mr. Rosemond, Verizon, acting through its employees or agents or both, had placed a black wire (hereinafter referred to as "the black wire") across the steps.

10.     Mr. Rosemond had not requested Verizon's services that day, nor was the black wire servicing Mr. Rosemond's home.

Page 2 of 5

11.     Verizon had not notified Mr. Rosemond that it was going to be performing work in the area and placing a black wire across the steps that day.

12.     The black wire was not open and obvious. Verizon had not placed any warning signs on or near the black wire, nor were there any reflective markings on the black wire that would have alerted a pedestrian, such as Mr. Rosemond, of its presence.

13.     As Mr. Rosemond was walking down the steps, he caught his foot on the black wire and tripped.

14.     Mr. Rosemond fell down the steps and struck his head.  Emergency personnel who subsequently arrived at the scene found Mr. Rosemond lying on his side at the bottom two steps.  The emergency personnel immobilized Mr. Rosemond's head and neck and transported him to the emergency department at Suburban Hospital by ambulance.

15.     The fall and all of Mr. Rosemond's resulting injuries and damages were caused by the negligence of Verizon.  Verizon negligently:  (a) placed a black wire across steps that were regularly traversed by pedestrians; (b) failed to warn pedestrians, including Mr. Rosemond, about the black wire's presence or location on the steps; (c) failed to place any reflective or illuminating markings or any warning signs on or near the black wire in order to alert pedestrians, such as Mr. Rosemond, of the black wire's presence or location on the steps. Verizon was negligent in other ways.

16.     As a direct and proximate result of the fall and of Verizon's negligence, Mr. Rosemond suffered a concussion, which led to his development of permanent post-concussive symptoms, including dizziness, migraine-type headaches, and blurred vision.  He also suffered trauma to his back in the fall, which resulted in a permanent back injury and lumbar

radiculopathy.  Mr. Rosemond also suffers from insomnia and depression as a direct result of the injuries he sustained in the fall.

17.      Mr. Rosemond has also lost income and has suffered a permanent impairment of his future earning capacity as a direct and proximate result of the fall and of Verizon's negligence.

18.      As a direct and proximate result of the fall and of Verizon's negligence, Mr. Rosemond has incurred, and will in the future incur, medical and other expenses for the care and treatment of his injuries. Mr. Rosemond has suffered permanent injuries to his overall physical and mental health, and permanent physical pain and mental anguish.

**WHEREFORE,** Plaintiff Marc Rosemond demands judgment against Defendant Verizon Maryland, LLC in the amount of two million dollars ($2,000,000) in compensatory damages, plus interest and costs.

Respectfully submitted,

**KARP, WIGODSKY, NORWIND & GOLD, P.A.**

_____
Ronald A. Karp, Esq., Bar No. 01015
rkarp@karplawfirm.net
✓Demosthenes Komis, Esq., Bar No. 30147
dkomis@karplawfirm.net
2273 Research Boulevard, Suite 200
Rockville, Maryland  20850
P (301) 948-3800| F (301) 948-5449
*Counsel for Plaintiff, Marc Rosemond*

## JURY DEMAND

The Plaintiffs demand a trial by jury of all issues so triable in all counts of the Complaint.

_____
Demosthenes Komis