# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

**MARC ROSEMOND**
15 Gas Light Court
Gaithersburg, Maryland 20879

      **Plaintiff,**

v.

**VERIZON MARYLAND, LLC**
1209 Orange Street
Wilmington, DE 19801

    **Serve On:**

The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
*Registered Agent for Verizon Maryland, LLC*

**And**

**DYCOM INDUSTRIES, INC.**
11780 U.S. Highway 1
600 Palm Beach Gardens, Florida 33408

    **Serve On:**

CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324
*Registered Agent for Dycom Industries, Inc.*

**And**

Case No.: 16-3272

| | |
|---|---|
| **LAMBERT'S CABLE SPLICING COMPANY, LLC**<br>2521 S. Wesleyan Blvd.<br>Rocky Mount, NC 27803<br><br>  **Serve On:**<br><br>The Corporation Trust Incorporated<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093<br>*Registered Agent for Lambert's Cable Splicing Company, LLC*<br><br>**And**<br><br>**WIRE WIZARDS, INC.**<br>3333 Anne De Bourgh Drive<br>Triangle, VA 22172<br><br>  **Serve On:**<br><br>Johnny Ponce De Leon<br>3333 Anne De Bourgh Drive<br>Triangle, VA 22172<br>*Registered Agent for Wire Wizards, Inc.*<br><br>  **Defendants.** | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : |

## FIRST AMENDED COMPLAINT

### (Personal Injury- Negligence)

  **COMES NOW** the Plaintiff, Marc Rosemond, by and through his attorneys, Ronald A. Karp, Esq., Demosthenes Komis, Esq. and the law firm of Karp, Wigodsky, Norwind, Kudel & Gold, P.A., and states the following as his causes of action against the Defendants, Verizon Maryland, LLC, Dycom Industries, Inc., Lambert's Cable Splicing Company, LLC and Wire Wizards, Inc.:

## PARTIES AND JURISDICTION

1. Plaintiff Marc Rosemond (hereinafter referred to as "Mr. Rosemond") is an adult citizen of the State of Maryland.

2. Upon information and belief, Defendant Verizon Maryland, LLC (hereinafter referred to as "Verizon") is a telecommunications company organized and existing under the laws of the State of Delaware, with its principal office in Wilmington, Delaware.

3. Verizon is a citizen of the State of Delaware.

4. Upon information and belief, Verizon provides voice, data and video services to consumers, businesses and government agencies in the State of Maryland.

5. Upon information and belief, Defendant Dycom Industries, Inc. (hereinafter referred to as "Dycom") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Palm Beach Gardens, Florida.

6. Dycom is a citizen of the State of Florida.

7. Upon information and belief, Defendant Lambert's Cable Splicing Company, LLC (hereinafter referred to as "Lambert's") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Rocky Mount, North Carolina.

8. Lambert's is a citizen of the State of North Carolina.

9. Upon information and belief, Lambert's is a utility contractor specializing in the installation and maintenance of local and long distance telecommunications lines as well as building installations and joint trench construction.

10. Upon information and belief, Lambert's is a wholly owned subsidiary of Dycom.

11. Upon information and belief, Defendant Wire Wizards, Inc. (hereinafter referred to as "Wire Wizards") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Triangle, Virginia.

12. Wire Wizards is a citizen of the Commonwealth of Virginia.

13. This Court has subject matter jurisdiction over this action based upon diversity of citizenship between Plaintiff Rosemond and Defendants Verizon, Dycom, Lambert's and Wire Wizards pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 exclusive of interest and costs.

14. Venue is proper in the Southern Division of the United States District Court for the District of Maryland located in Greenbelt, Maryland pursuant to 28 U.S.C §§ 100 and 1391 (b) (2). The fall that Mr. Rosemond suffered and that is the subject of this lawsuit (hereinafter referred to as "the fall") occurred in Montgomery County, Maryland.

## COUNT I-NEGLIGENCE OF VERIZON

15. Mr. Rosemond re-alleges and incorporates by reference herein paragraphs 1-14 of this Complaint.

16. On or about September 16, 2014, a resident of 13 Gas Light Court in Gaithersburg, Maryland (hereinafter referred to as "the residence") called Verizon to report that her cable was out of service.

17. The residence is one of a series of townhomes located on Gas Light Court (hereinafter referred to as "the townhomes"). The townhomes share a flight of concrete steps that are located outside of the residences and that provide residents access to their homes and to an adjacent parking lot (hereinafter referred to as "the steps").

18. On or about September 17, 2014, Verizon dispatched an employee (hereinafter referred to as "Verizon employee") to restore temporary service to the residence.

19. At that time and place, the Verizon employee arrived at the residence and installed a temporary black fiber optic cable (hereinafter referred to as "the temporary black cable") outside of the residence.

20. The Verizon employee connected one end of the temporary black cable to the optical network terminal located outside of the residence. He then placed the temporary black cable across the yard of the residence and across the steps, before connecting the other end of the temporary black cable to a service terminal located on the other side of the steps.

21. The Verizon employee placed the temporary black cable across the steps in a manner that caused the cable to be loose with slack and to pose a trip and fall hazard.

22. Upon information and belief, at all relevant times, Dycom had contracted with Verizon to provide utility services to Maryland residents.

23. Upon information and belief, Verizon subsequently hired Lambert's, Dycom's subsidiary, to install and bury a permanent cable at the residence.

24. Upon information and belief, Lambert's, in turn, hired Wire Wizards to install and bury the permanent cable.

25. Upon information and belief, on or about September 19, 2014, Wire Wizards, through one of its employees and/or agents, installed and buried a permanent cable that ran underneath the steps and to the residence.

26. Dycom, Lambert's and Wire Wizards never returned to the residence to inspect the steps or the work that had been performed by Wire Wizards.

27. Verizon did not return to the residence until September 26, 2014, at which time it removed the temporary black cable that it had originally placed across the steps nine (9) days earlier.

28. On or about Sunday, September 21, 2014, at approximately 9:30 p.m., five days before the temporary black cable was removed by Verizon, Mr. Rosemond, a resident of 15 Gas Light Court, was walking down the steps.

29. It was dark outside at the time that Mr. Rosemond was walking down the steps. The steps were not illuminated.

30. Unbeknownst to Mr. Rosemond, Verizon, acting through its employees or agents or both, had placed the temporary black cable across the steps.

31. Mr. Rosemond had not requested Verizon's services that day, nor was the temporary black cable servicing Mr. Rosemond's home.

32. Verizon had not notified Mr. Rosemond that it was going to be performing work in the area and placing the temporary black cable across the steps that day.

33. The temporary black cable was not open and obvious. Verizon had not placed any warning signs on or near the temporary black cable, nor were there any reflective markings on the temporary black cable that would have alerted a pedestrian, such as Mr. Rosemond, of its presence.

34. As Mr. Rosemond was walking down the steps, he caught his foot on the temporary black cable and tripped and fell.

35. Mr. Rosemond fell down the steps and struck his head. Emergency personnel who subsequently arrived at the scene found Mr. Rosemond lying on his side at the bottom two

steps.  The emergency personnel immobilized Mr. Rosemond's head and neck and transported him to the emergency department at Suburban Hospital by ambulance.

36. Verizon, acting individually or acting concurrently with Dycom and/or Lambert's and/or Wire Wizards, had a duty to perform its job in a reasonably safe manner, so as to avoid creating any trip or fall hazards on the steps used by residents and other pedestrians.

37. The fall and all of Mr. Rosemond's resulting injuries and damages were caused by the individual negligence of Verizon, or by the negligence of Verizon acting concurrently with the negligence of Dycom and/or Lambert's and/or Wire Wizards.  Verizon, acting individually or acting concurrently with Dycom and/or Lambert's and/or Wire Wizards, was negligent in the following ways:  (a) placing or moving the temporary black cable across steps that were regularly traversed by residents and other pedestrians; (b) failing to use reasonable care to place or move  the temporary black cable across the steps, or to install the permanent buried cable, in a reasonably safe manner, thereby creating an unreasonably dangerous condition and trip and fall hazard for townhome residents and other pedestrians; (c) failing to place or move the temporary black cable or to install the permanent buried cable in a reasonably safe manner;  (d) failing to warn pedestrians, including Mr. Rosemond, about the temporary black cable's presence or location on the steps; (e) failing to place any reflective or illuminating markings or any warning signs on or near the temporary black cable in order to alert pedestrians, such as Mr. Rosemond, of the temporary black cable's presence or location on the steps; (f) failing to properly supervise and train its employees and/or agents, or to supervise and train the employees and/or agents of Dycom, and/or Lambert's and/or Wire Wizards, that placed or moved the temporary black cable or that installed the permanent buried cable; (g) failing to properly inspect the work performed by its employees and/or agents, or to properly inspect the work performed by Dycom, and/or

Lambert's and/or Wire Wizards at the residence; (h) failing to select the proper employees and/or agents to place or move the temporary black cable or to install the permanent buried cable; (i) failing to properly instruct its employees and/or agents, or to properly instruct the employees and/or agents of Dycom, and/or Lambert's and/or Wire Wizards, as to the location and position that the temporary black cable should remain in during and after the installation of the permanent buried cable; (j) failing to remove the temporary black cable in a timely manner. Verizon, acting individually or acting concurrently with Dycom and/or Lambert's and/or Wire Wizards, was negligent in other ways.

**38.** As a direct and proximate result of the fall and of the individual negligence of Verizon, or by the negligence of Verizon acting concurrently with the negligence of Dycom and/or Lambert's and/or Wire Wizards, Mr. Rosemond suffered a concussion, which led to his development of permanent post-concussive symptoms, including dizziness, migraine-type headaches, and blurred vision. He also suffered trauma to his back in the fall, which resulted in a permanent back injury and lumbar radiculopathy. Mr. Rosemond also suffers from insomnia and depression as a direct result of the injuries he sustained in the fall.

**39.** Mr. Rosemond has also lost income and has suffered a permanent impairment of his future earning capacity as a direct and proximate result of the fall and of the individual negligence of Verizon, or by the negligence of Verizon acting concurrently with the negligence of Dycom and/or Lambert's and/or Wire Wizards.

**40.** As a direct and proximate result of the fall and of the individual negligence of Verizon, or by the negligence of Verizon acting concurrently with the individual negligence of Dycom and/or Lambert's and/or Wire Wizards,, Mr. Rosemond has incurred, and will in the future incur, medical and other expenses for the care and treatment of his injuries. Mr.

Rosemond has suffered permanent injuries to his overall physical and mental health, and permanent physical pain and mental anguish. Mr. Rosemond has been damaged in other ways.

## COUNT II-NEGLIGENCE OF DYCOM

41.     Mr. Rosemond re-alleges and incorporates by reference herein paragraphs 1-40 of this Complaint.

42.     Upon information and belief, at all relevant times, Dycom, was acting individually or acting concurrently with Verizon and/or Lambert's and/or Wire Wizards, and was hired by Verizon, was acting as the agent, servant and/or employee of Verizon and was performing the business of Verizon.

43.     Upon information and belief, at the time that Dycom, acting individually or acting concurrently with Verizon and/or Lambert's and/or Wire Wizards, was burying the permanent cable, it also disturbed the position of the temporary cable, causing it to become loose and to pose a trip and fall hazard.

44.     Dycom, acting individually or acting concurrently with Verizon and/or Lambert's and/or Wire Wizards, had a duty to perform its job in a reasonably safe manner, so as to avoid creating any trip or fall hazards on the steps used by residents and other pedestrians.

45.     The fall and all of Mr. Rosemond's resulting injuries and damages were caused by the individual negligence of Dycom, or by the negligence of Dycom acting concurrently with the negligence of Verizon and/or Lambert's and/or Wire Wizards.  Dycom, acting individually or acting concurrently with Verizon and/or Lambert's and/or Wire Wizards,  was negligent in the following ways:  (a) placing or moving the temporary black cable across steps that were regularly traversed by residents and other pedestrians; (b) failing to use reasonable care to place or move  the temporary black cable across the steps, or to install the permanent buried cable, in a

reasonably safe manner, thereby creating an unreasonably dangerous condition and trip and fall hazard for townhome residents and other pedestrians; (c) failing to place or move the temporary black cable or to install the permanent buried cable in a reasonably safe manner; (d) failing to warn pedestrians, including Mr. Rosemond, about the temporary black cable's presence or location on the steps; (e) failing to place any reflective or illuminating markings or any warning signs on or near the temporary black cable in order to alert pedestrians, such as Mr. Rosemond, of the temporary black cable's presence or location on the steps; (f) failing to properly supervise and train its employees and/or agents, or to properly supervise and train the employees and/or agents of Verizon, and/or Lambert's and/or Wire Wizards, that placed or moved the temporary black cable or that installed the permanent buried cable; (g) failing to properly inspect the work performed by its employees and/or agents, or to properly inspect the work performed by Verizon, and/or Lambert's and/or Wire Wizards at the residence; (h) failing to select the proper employees and/or agents to place or move the temporary black cable or to install the permanent buried cable; (i) failing to properly instruct its employees and/or agents, or to properly instruct the employees and/or agents of Verizon, and/or Lambert's and/or Wire Wizards, as to the location and position that the temporary black cable should remain in during and after the installation of the permanent buried cable; (j) failing to remove the temporary black cable in a timely manner. Dycom, acting individually or acting concurrently with Verizon and/or Lambert's and/or Wire Wizards, was negligent in other ways.

**46.** As a direct and proximate result of the fall and of the individual negligence of Dycom, or by the negligence of Dycom acting concurrently with the negligence of Verizon and/or Lambert's and/or Wire Wizards, Mr. Rosemond suffered a concussion, which led to his development of permanent post-concussive symptoms, including dizziness, migraine-type

headaches, and blurred vision. He also suffered trauma to his back in the fall, which resulted in a permanent back injury and lumbar radiculopathy. Mr. Rosemond also suffers from insomnia and depression as a direct result of the injuries he sustained in the fall.

47. Mr. Rosemond has also lost income and has suffered a permanent impairment of his future earning capacity as a direct and proximate result of the fall and of the individual negligence of Dycom, or by the negligence of Dycom acting concurrently with the negligence of Verizon and/or Lambert's and/or Wire Wizards.

48. As a direct and proximate result of the fall and of the individual negligence of Dycom, or by the negligence of Dycom acting concurrently with the negligence of Verizon and/or Lambert's and/or Wire Wizards, Mr. Rosemond has incurred, and will in the future incur, medical and other expenses for the care and treatment of his injuries. Mr. Rosemond has suffered permanent injuries to his overall physical and mental health, and permanent physical pain and mental anguish. Mr. Rosemond has been damaged in other ways.

## COUNT III-NEGLIGENCE OF LAMBERT'S

49. Mr. Rosemond re-alleges and incorporates by reference herein paragraphs 1-48 of this Complaint.

50. Upon information and belief, at all relevant times, Lambert's was hired by Verizon and/or Dycom, was acting as the agent, servant and/or employee of Verizon and/or Dycom, and was performing the business of Verizon and/or Dycom.

51. Upon information or belief, at the time that Lambert's, acting through Verizon and/or Dycom and/or Wire Wizards, was burying the permanent cable, it also disturbed the position of the temporary black cable, causing it to become loose and to pose a trip and fall hazard.

**52.**     Lambert's, acting individually or acting concurrently with Verizon and/or Dycom and/or Wire Wizards, had a duty to perform its job in a reasonably safe manner, so as to avoid creating any trip or fall hazards on the steps used by residents and other pedestrians.

**53.**     The fall and all of Mr. Rosemond's resulting injuries and damages were caused by the individual negligence of Lambert's, or by the negligence of Lambert's acting concurrently with the negligence of Verizon and/or Dycom and/or Wire Wizards.  Lambert's, acting individually or acting concurrently with Verizon and/or Dycom and/or Wire Wizards,  was negligent in the following ways:  (a) placing or moving the temporary black cable across steps that were regularly traversed by residents and other pedestrians; (b) failing to use reasonable care to place or move  the temporary black cable across the steps, or to install the permanent buried cable, in a reasonably safe manner, thereby creating an unreasonably dangerous condition and trip and fall hazard for townhome residents and other pedestrians; (c) failing to place or move the temporary black cable or to install the permanent buried cable in a reasonably safe manner;  (d) failing to warn pedestrians, including Mr. Rosemond, about the temporary black cable's presence or location on the steps; (e) failing to place any reflective or illuminating markings or any warning signs on or near the temporary black cable in order to alert pedestrians, such as Mr. Rosemond, of the temporary black cable's presence or location on the steps; (f) failing to properly supervise and train its employees and/or agents, or to properly supervise and train the employees and/or agents of Verizon, and/or Dycom and/or Wire Wizards, that placed or moved the temporary black cable or that installed the permanent buried cable; (g) failing to properly inspect the work performed by its employees and/or agents, or to properly inspect the work performed by Verizon, and/or Dycom and/or Wire Wizards at the residence; (h) failing to select the proper employees and/or agents to place or move the temporary black cable or to install the

permanent buried cable; (i) failing to properly instruct its employees and/or agents, or to properly instruct the employees and/or agents of Verizon, and/or Dycom and/or Wire Wizards, as to the location and position that the temporary black cable should remain in during and after the installation of the permanent buried cable; (j) failing to remove the temporary black cable in a timely manner. Lambert's, acting individually or acting concurrently with Verizon and/or Dycom and/or Wire Wizards, was negligent in other ways.

54. As a direct and proximate result of the fall and of the individual negligence of Lambert's, or by the negligence of Lambert's acting concurrently with the negligence of Verizon and/or Dycom and/or Wire Wizards, Mr. Rosemond suffered a concussion, which led to his development of permanent post-concussive symptoms, including dizziness, migraine-type headaches, and blurred vision. He also suffered trauma to his back in the fall, which resulted in a permanent back injury and lumbar radiculopathy. Mr. Rosemond also suffers from insomnia and depression as a direct result of the injuries he sustained in the fall.

55. Mr. Rosemond has also lost income and has suffered a permanent impairment of his future earning capacity as a direct and proximate result of the fall and of the individual negligence of Lambert's, or by the negligence of Lambert's acting concurrently with the negligence of Verizon and/or Dycom and/or Wire Wizards.

56. As a direct and proximate result of the fall and of the individual negligence of Lambert's, or by the negligence of Lambert's acting concurrently with the negligence of Verizon and/or Dycom and/or Wire Wizards, Mr. Rosemond has incurred, and will in the future incur, medical and other expenses for the care and treatment of his injuries. Mr. Rosemond has suffered permanent injuries to his overall physical and mental health, and permanent physical pain and mental anguish. Mr. Rosemond has been damaged in other ways.

## COUNT IV-NEGLIGENCE OF WIRE WIZARDS

**57.** Mr. Rosemond re-alleges and incorporates by reference herein paragraphs 1-56 of this Complaint.

**58.** Upon information and belief, at all relevant times, Wire Wizards was hired by Lambert's and/or Verizon and/or Dycom, was acting as the agent, servant and/or employee of Lambert's and/or Verizon and/or Dycom, and was performing the business of Lambert's and/or Verizon and/or Dycom.

**59.** Upon information or belief, at the time that Wire Wizards, acting through its employees and/or agents, and/or Verizon, and/or Lambert's and/or Dycom, was burying the permanent cable, it also disturbed the position of the temporary black cable, causing it to become loose and to pose a trip and fall hazard.

**60.** Wire Wizards, acting individually or acting concurrently with Verizon and/or Dycom and/or Lambert's, had a duty to perform its job in a reasonably safe manner, so as to avoid creating any trip or fall hazards on the steps used by residents and other pedestrians.

**61.** The fall and all of Mr. Rosemond's resulting injuries and damages were caused by the individual negligence of Wire Wizards, or by the negligence of Wire Wizards acting concurrently with the negligence of Verizon and/or Dycom and/or Lambert's. Wire Wizards, acting individually or acting concurrently with Verizon and/or Dycom and/or Lambert's, was negligent in the following ways: (a) placing or moving the temporary black cable across steps that were regularly traversed by residents and other pedestrians; (b) failing to use reasonable care to place or move the temporary black cable across the steps, or to install the permanent buried cable, in a reasonably safe manner, thereby creating an unreasonably dangerous condition and trip and fall hazard for townhome residents and other pedestrians; (c) failing to place or move the

temporary black cable or to install the permanent buried cable in a reasonably safe manner; (d) failing to warn pedestrians, including Mr. Rosemond, about the temporary black cable's presence or location on the steps; (e) failing to place any reflective or illuminating markings or any warning signs on or near the temporary black cable in order to alert pedestrians, such as Mr. Rosemond, of the temporary black cable's presence or location on the steps; (f) failing to properly supervise and train its employees and/or agents that placed or moved the temporary black cable or that installed the permanent buried cable; (g) failing to properly inspect the work performed by its employees and/or agents, or to properly inspect the work performed by Verizon, and/or Dycom and/or Lambert's at the residence; (h) failing to select the proper employees and/or agents to place or move the temporary black cable or to install the permanent buried cable; (i) failing to properly instruct its employees and/or agents as to the location and position that the temporary black cable should remain in during and after the installation of the permanent buried cable; (j) failing to remove the temporary black cable in a timely manner. Wire Wizards, acting individually or acting concurrently with Verizon and/or Dycom and/or Lambert's, was negligent in other ways.

  **62.**  As a direct and proximate result of the fall and of the negligence of Wire Wizards, acting individually or acting concurrently with the negligence of Verizon and/or Dycom and/or Lambert's, Mr. Rosemond suffered a concussion, which led to his development of permanent post-concussive symptoms, including dizziness, migraine-type headaches, and blurred vision. He also suffered trauma to his back in the fall, which resulted in a permanent back injury and lumbar radiculopathy. Mr. Rosemond also suffers from insomnia and depression as a direct result of the injuries he sustained in the fall.

**63.** Mr. Rosemond has also lost income and has suffered a permanent impairment of his future earning capacity as a direct and proximate result of the fall and of the negligence of Wire Wizards, acting individually or acting concurrently with the negligence of Verizon and/or Dycom and/or Lambert's.

**64.** As a direct and proximate result of the fall and of the individual negligence of Wire Wizards, or by the negligence of Wire Wizards acting concurrently with the negligence of Verizon and/or Dycom and/or Lambert's, Mr. Rosemond has incurred, and will in the future incur, medical and other expenses for the care and treatment of his injuries. Mr. Rosemond has suffered permanent injuries to his overall physical and mental health, and permanent physical pain and mental anguish. Mr. Rosemond has been damaged in other ways.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Marc Rosemond demands judgment against Defendants Verizon Maryland, LLC, Dycom Industries, Inc., Lambert's Cable Splicing Company, LLC, and Wire Wizards, Inc., jointly and severally, each or any, in the amount of five million dollars ($5,000,000) in compensatory damages, plus interest and costs.

        Respectfully submitted,

        **KARP, WIGODSKY, NORWIND,**
        **KUDEL & GOLD, P.A.**


        */s/ Demosthenes Komis*
        Ronald A. Karp, Esq., Bar No. 01015
        rkarp@karplawfirm.net
✓  **Demosthenes Komis, Esq., Bar No. 30147**
        **dkomis@karplawfirm.net**
        2273 Research Boulevard, Suite 200
        Rockville, Maryland 20850
        P (301) 948-3800| F (301) 948-5449
        *Counsel for Plaintiff, Marc Rosemond*

## JURY DEMAND

The Plaintiffs demand a trial by jury of all issues so triable in all counts of the Complaint.



        */s/ Demosthenes Komis*
        Demosthenes Komis