# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARC ROSEMOND,** | * |
| *Plaintiff* | * |
| v. | * Case No. RWT-16-cv-3272 |
| **VERIZON MARYLAND, LLC, et al.,** | * |
| *Defendants* | * |

***

## MEMORANDUM OPINION AND ORDER

This case arises out of a trip-and-fall, in which Plaintiff Marc Rosemond ("Rosemond") suffered injuries after tripping on a loosened cable that lay across concrete steps outside of his residence. *See* ECF No. 27. In order to provide television service to one of Rosemond's neighbors, the cable was allegedly placed above ground temporarily until a more permanent cable could be buried under the sidewalk and connected to the provider's hub. *See id.* Rosemond asserts that his injury was caused by the negligent placement of the cable by Defendants Verizon Maryland, LLC ("Verizon"), Dycom Industries, Inc. ("Dycom"), Lambert's Cable Splicing Company, LLC ("Lambert"), and Wire Wizards, Inc. ("Wire Wizards"). *See id.*

On May 7, 2018, Wire Wizards filed a Motion for Summary Judgment and Request for Hearing. *See* ECF No. 60.[1] On May 18, 2018, Rosemond responded in opposition to that Motion. *See* ECF No. 61. Based upon clerical errors and omitted pages, on May 21, 2018, Rosemond moved for leave to amend and correct his opposition brief. *See* ECF Nos. 62, 62-3.[2]

---

[1] All parties requested that the Court stay proceedings pending the resolution of Wire Wizard's Motion for Summary Judgment [ECF No. 60] and a subsequent settlement conference to be scheduled. *See* ECF No. 63. The Court will modify the scheduling order to provide additional time for a settlement conference.

[2] As illustrated by Defendants' consent, *see* ECF No. 65, the swiftness of Rosemond's Motion, and the clerical nature of Rosemond's amendments (correcting citations, omission of pages to exhibits, etc.), *see* ECF No. 62-3, the Court finds that Rosemond's amended brief does not contain substantive changes that would prejudice Wire Wizards. Accordingly, the Court will grant Rosemond's motion to amend his opposition brief [ECF No. 62].

On June 1, 2018, Wire Wizards replied in support of its original Motion. *See* ECF No. 66. The issues have been fully briefed, and no hearing is necessary. Local Rule 105.6. For the reasons that follow, Wire Wizards' Motion for Summary Judgment shall be denied.

## I. Standard of Review

Summary judgment is proper under Fed. R. Civ. P. Rule 56(a) if there is no genuine dispute over any material facts, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow the trier of fact to return a verdict for the nonmoving party. *Id.* When considering a summary judgment motion, the court has "an affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24). Thus, the court may only rely on facts supported in the record, not assertions made in the pleading. *Id.* Moreover, the court must view all facts and make all reasonable inferences in the light most favorable to the nonmoving party. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must present more than a "mere scintilla" of evidence to demonstrate a genuine issue of material fact that would preclude summary judgment. *Anderson*, 477 U.S. at 252.

## II. Analysis

Wire Wizards asserts that there is no evidence that it "installed, moved, touched, disturbed or otherwise did anything to the temporary cable wire" that caused Rosemond's tripping injury. *See* ECF No. 60-1 at 13. However, Wire Wizards supporting recitation of

various witnesses' testimony merely offers the side of the story that is most favorable to it, and neglects the reasonable inferences that exist in this case's remaining evidence. *See id.* at 4–11. Indeed, this case rises and falls on the judicial standard for summary judgment—specifically, "drawing all inferences in favor of the nonmoving party." *Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, 617 F. App'x 227, 234 (4th Cir. 2015). Here, the nonmoving party is the injured plaintiff, Rosemond. And while there is no direct evidence or eye-witness testimony that Wire Wizards loosened the temporary cable and strew it over the concrete steps, a juror could infer such a finding based on a reasonable construction of the evidence in the record.

It is uncontested that a "Verizon maintenance technician . . . placed the black temporary cable on September 17, 2014." *See* ECF No. 62-3 at 11 (Verizon's Answers to Interrogatories). There is, at a minimum, some evidence that the temporary cable was properly and safely secured by the technician with the use of metal "J-hooks." *See id.*; *see also id.* at 33–39 (Deposition of the Verizon maintenance technician). It is uncontested that on September 19, 2014, a former Wire Wizards employee "buried a permanent fios cable . . . which ran under the sidewalk." *See id.* at 13 (Wire Wizards' Answers to Interrogatories). There is, at a minimum, some evidence that Wire Wizards was the last service provider to attend to the concrete-step area where the temporary cable resided. *See id.*; *see also id.* at 11 (Verizon's Answers to Interrogatories). And there is evidence that Rosemond tripped on the temporary cable, injuring himself in the fall. *See id.* at 23–31 (Deposition of Rosemond).

In addition to this corroborating evidence, the record further includes photographs of the area where the temporary cable was allegedly placed initially, *see id.* at 40, the overlapping area where the permanent cable was allegedly buried, *see id.* at 20–22, and the final destination of where the strewn temporary cable ended up, *see id.* at 32. Viewing all of this evidence in a light

3

most favorable to Rosemond, and drawing all inferences in favor of Rosemond, a reasonable juror could infer that Wire Wizards must have negligently dislodged the temporary cable into an unsafe position that resulted in Rosemond's tripping injury.[3]

While the evidence that Wire Wizards points to may be used at trial to strengthen its case and attack the likelihood of its negligence, it may also be the subject of questionable credibility. *See, e.g.*, *id.* at 41–43 (Deposition of the Wire Wizards' employee, who contradicts himself—first saying that he did not remember whether he saw the temporary cable—and then later saying that he did remember seeing it and consciously avoided disturbing it). Accordingly, granting summary judgment in favor of either party at this juncture would be premature.

### III. Conclusion

For the foregoing reasons, Wire Wizards' Motion for Summary Judgment shall be denied. Accordingly, it is, this 12th day of June, 2018, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion for Leave to Amend Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment of Defendant Wire Wizards, Inc. [ECF No. 62] is hereby **GRANTED**; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment and Request for Hearing [ECF No. 60] is hereby **DENIED**; and it is further

**ORDERED**, that the Parties' Joint Motion for Stay of All Discovery and Scheduling Order Deadlines [ECF No. 63] is hereby **DENIED AS MOOT**; and it is further

---

[3] Wire Wizards' entire Reply brief attacks the certitude of Rosemond's evidence, concluding that "[t]hese photos simply confirm that *no one can state with absolute certainty* the path either cable followed at the time prior to or immediately after Wire Wizards completed their work and that absolutely no one knows the placement of the temporary cable after Wire Wizards left up to the time of [Rosemond's] alleged fall." *See* ECF No. 66 at 3 (emphasis added). Indeed, Wire Wizards' own words illustrate the existence of a genuine dispute as to material facts, and at this stage, the Court must view all facts and make all reasonable inferences in the light most favorable to Rosemond.

4

**ORDERED**, that the Scheduling Order is hereby **MODIFIED** as follows:

| Event | Original Date | Modified Date |
|---|---|---|
| Defendants' Rule 26(a)(2) disclosures | May 1, 2018 | July 30, 2018 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures | May 28, 2018 | August 27, 2018 |
| Rule 26(e)(2) supplementation of disclosures and responses | June 4, 2018 | September 4, 2018 |
| Fact discovery deadline and submission of status report | July 5, 2018 | October 3, 2018 |
| Expert discovery deadline | July 5, 2018 | October 3, 2018 |
| Requests for admission | July 5, 2018 | October 3, 2018 |
| Dispositive pretrial motions deadline | July 16, 2018 | October 15, 2018 |

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE